IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDMOUND CALLOWAY,
      Plaintiff,
  v.
DENNY DiPAOLA, KEN PLUMMER,
and GREG HEIDLER,
      Defendants

Case No. 3:08-cv-257-KRG-KAP

### Order and Report and Recommendation

#### Order and Recommendation

Plaintiff Calloway, currently at S.C.I. Coal Township, has filed a motion to reconsider, docket no. 86, and motions for appointment of counsel and for a pretrial conference, docket no. 94, docket no. 95. The motion for reconsideration should be denied. The motions for counsel and pretrial conference are denied. If this matter goes to trial plaintiff should have counsel if one is reasonably available, but plaintiff merely copies part of the form book motion for counsel, and because pretrial proceedings (during which plaintiff has had no difficulty presenting his case) are finished there is no need for counsel now.

#### Report

The motion for reconsideration is based on plaintiff's belief that his objections, if they had arrived in time, would have changed the court's mind on the ruling at docket no. 75, granting partial summary judgment to defendants and denying plaintiff's motion for summary judgment. There is no basis for that belief, because the objections re-tread the same ground already covered in plaintiff's brief at docket no. 59. It is a waste of scarce

judicial resources to spend time considering, not new evidence excusably omitted, but the same arguments already presented.

Speaking of scarce judicial resources, I point this out to the parties: this matter is more than three years old and deals with matters that took place in 2007. Given the press of criminal felony trials before Judge Gibson, which has only increased in recent years, and given the greater urgency of virtually every civil case on his docket, there is no reason why this matter should ever have more than back-up status. In other words, it could be years before this matter is scheduled for trial on the retaliation claim that presents a triable issue. Both sides should have an interest in disposing of the matter on a more certain schedule. I will guarantee the parties a jury trial on a date certain in 2012 if they consent to my jurisdiction. The parties can exchange correspondence and get back to the Clerk's Office promptly on the matter so that if a party does not consent I don't find out which side did or did not consent. Otherwise it can sit until Judge Gibson calls the matter for trial.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to the recommendation portion of this Report and Recommendation.

DATE: January 10, 2012

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Edmound Calloway CZ-1154
S.C.I. Coal Township
1 Kelley Drive
Coal Township, PA 17866-1021